BEATTY, J.:
Danny Orlando Wharton was convicted of voluntary manslaughter and possession of a weapon during the commission of a violent crime. He appeals, arguing the trial judge erred in: (1) charging the law of voluntary manslaughter; (2) failing to charge the jury on the law of involuntary manslaughter; and (3) failing to charge the jury on the law of accident. We reverse.
FACTS
Danny Orlando Wharton and several of his friends were at a neighbor's house playing cards when his ex-girlfriend, Pam Suber, confronted him about his new girlfriend. The two began arguing, and several people gathered around to break up the argument. Suber left the area after the argument, while five or six people, including Wharton's best friend, Chris Luster, and Clifton "Smokey" Shaw, attempted to calm Wharton down. Wharton resisted the attempts to calm him down and did not want to be touched. At some point, he exchanged words with Shaw about Suber. Wharton retrieved a gun from a vehicle parked nearby. Shaw told his girlfriend to take his son home out of the way. He then approached Wharton in an aggressive manner. The two continued to argue. Shaw placed his necklace beneath his shirt collar to prepare for a physical altercation and Wharton pulled the gun out. According to Shaw, who was the object of the argument, Wharton pulled the gun out like he was trying to shoot it into the air. Shaw testified that he turned and lay down, the gun discharged, and Luster, who was attempting to end the argument between Wharton and Shaw, was fatally shot. A witness testified that Wharton was shocked that Luster was shot.
Wharton was indicted for murder and possession of a weapon during the commission of a violent crime. The State requested a jury charge on murder and voluntary manslaughter. Wharton opposed the voluntary manslaughter charge. He argued alternatively that if the judge gave the voluntary manslaughter charge, he was entitled to a charge on involuntary manslaughter and accident. The judge denied the requests, and the jury was charged on the law of murder, voluntary manslaughter, and possession of a weapon during the commission of a violent crime.[1] The jury found Wharton guilty of voluntary manslaughter and possession of a weapon during the commission or attempt to commit a violent crime. The judge sentenced him to prison for a total of fifteen years. This appeal followed.
*85 STANDARD OF REVIEW
"The law to be charged must be determined from the evidence presented at trial." State v. Knoten, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001). "Only the law applicable to the case should be charged to the jury." State v. Blurton, 352 S.C. 203, 208, 573 S.E.2d 802, 804 (2002). "If a jury instruction is provided to the jury that does not fit the facts of the case, it may confuse the jury." Id.
LAW/ANALYSIS
Wharton argues the trial judge erred in charging the jury on voluntary manslaughter.[2] We agree.
Voluntary manslaughter is the "unlawful killing of a human being in the sudden heat of passion upon sufficient legal provocation." Knoten, 347 S.C. at 302, 555 S.E.2d at 394. Both heat of passion and sufficient legal provocation must be present for the killing to constitute voluntary manslaughter. Id.; State v. Cole, 338 S.C. 97, 101-02, 525 S.E.2d 511, 513 (2000). Sufficient legal provocation must come from the victim, not from a third party. Harris, 354 S.C. at 387, 581 S.E.2d at 156. To constitute sufficient legal provocation to support a voluntary manslaughter charge, the provocation "must come from some act of or related to the victim." State v. Locklair, 341 S.C. 352, 363, 535 S.E.2d 420, 425 (2000).
We find no evidence of sufficient legal provocation that would support a charge of voluntary manslaughter. The pertinent facts are undisputed as to the lack of provocation by the victim, Chris Luster. Although Wharton was arguing with Shaw at the time of the shooting, the evidence elicited at trial showed there was never any argument or discord between Wharton and Luster.
The State argues, however, that the principle of transferred intent is applicable. This argument is unavailing. As previously discussed, sufficient provocation necessary to justify a voluntary manslaughter charge must come from the victim and not transferred from a third party. Harris, 354 S.C. at 387, 581 S.E.2d at 156; Locklair, 341 S.C. at 363, 535 S.E.2d at 425. Moreover, "[w]here death is caused by the use of a deadly weapon, words alone, however opprobrious, are not sufficient to constitute a legal provocation." State v. Byrd, 323 S.C. 319, 322, 474 S.E.2d 430, 432 (1996); State v. Cooley, 342 S.C. 63, 68, 536 S.E.2d 666, 669 (2000). Here, Wharton and Shaw were only arguing. Thus, there was no legal provocation to transfer.
Because there is no evidence of sufficient legal provocation, the trial judge should not have given a voluntary manslaughter instruction. Wharton was clearly prejudiced because he was found guilty of voluntary manslaughter. Accordingly, we reverse Wharton's conviction for voluntary manslaughter.
Further, Wharton's conviction for voluntary manslaughter was a prerequisite to his conviction for possession of a firearm during the commission of a violent crime. See S.C.Code Ann. § 16-23-490(E) (2003) (noting that the additional punishment for possession of a firearm during the commission of a violent crime may not be imposed unless the defendant is convicted of the underlying violent crime); State v. Taylor, 356 S.C. 227, 235 n. 4, 589 S.E.2d 1, 5 n. 4 (2003) (noting that defendant's conviction for possession of a weapon during the commission of a violent crime must be reversed where the court was reversing defendant's murder conviction). Thus, because we reverse the voluntary manslaughter conviction, we necessarily must reverse the conviction for the weapon charge.
Having reversed the trial court on the voluntary manslaughter charge, we need not address appellant's remaining issues.
*86 CONCLUSION
Because the trial judge erred in charging the law of voluntary manslaughter, Wharton's convictions and sentences are
REVERSED.
HUFF and KITTREDGE, JJ., concur.

In fact, the jury was charged twice with the law of voluntary manslaughter because the jury requested the definition of manslaughter and asked whether involuntary manslaughter was an option. The jury was also charged three times with the law of transferred intent after the jury requested a clarification and a question arose regarding whether or not transferred intent could be used for voluntary manslaughter. See Harris v. State, 354 S.C. 382, 387, 581 S.E.2d 154, 156 (2003) ("Sufficient provocation necessary to justify a voluntary manslaughter charge must come from the victim and not be transferred from a third party to the victim.").

The State argues that this issue is not preserved for our review because Wharton's counsel did not specify reasons for his objection to the voluntary manslaughter charge. The State failed to raise this issue in its brief and raised it for the first time at oral argument. Rule 220(c), SCACR, allows us to affirm the lower court on any grounds appearing in the record, if we choose to do so. We do not. The appellant was not put on notice that preservation of his objection was an issue. The grounds for the objection are arguably general in nature, however any argument should have been contained in the State's brief, thereby giving the appellant notice and an opportunity for a thoughtful reply.